**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDGAR A. TORRES,

    Plaintiff,

-v-                                            Case No. 8:11-CV-2789-T-30EAJ

DAVID GEE, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). The complaint names David Gee, Sheriff for Hillsborough County, Florida, and the National Commission on Correctional Health Care ("NCCHC") as defendants. Because Plaintiff seeks redress from governmental entities, officers, or employees, the Court has undertaken a screening of his complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that Plaintiff's complaint is due to be dismissed prior to service of process on Defendants.

**1.    Defendant Gee**

    **A.    Medical Claims**

The complaint alleges that a nurse in the Hillsborough County jail violated Plaintiff's civil rights by failing to properly record his medical condition. Specifically, the complaint

alleges that, when Plaintiff was being processed into the Hillsborough County jail, an intake nurse failed to note on his file that he suffers epilepsy, an omission that allowed his assignment to an upper bunk. The complaint alleges that Plaintiff suffered an epileptic attack, during which he fell from the upper bunk and sustained a back injury. The complaint further alleges that Plaintiff has been denied health care, such as MRIs of his neck and back, from providers outside the jail.

Plaintiff has previously sued Defendant Gee under § 1983 seeking relief based on the same nucleus of operative facts.[1] The district judge assigned that case dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.[2] The Eleventh Circuit Court of Appeals subsequently dismissed the appeal for lack of jurisdiction.[3]

Res judicata bars relitigation of matters decided in a prior case. *Jang v. United Technologies, Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). Res judicata will bar a later action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Id.*

This Court decided Plaintiff's previous case and had jurisdiction over that action under 42 U.S.C. § 1983. Plaintiff's medical care claims in the instant complaint are substantially the same as in case number 8:09-cv-2527-T-26MAP. Defendant Gee was a

---

[1] *See* case number 8:09-cv-2527-T-26MAP.

[2] *See id.,* Dkt. 3.

[3] *See id.,* Dkt. 6.

named defendant in case number 8:09-cv-2527-T-26MAP. The prior case was dismissed for failure to state a claim. *See Harmon v. Webster*, 263 Fed. Appx. 844, 845-46 (11th Cir. 2008) (*per curiam*) (prior dismissal of a complaint for failure to state a claim satisfies the elements of res judicata and bars further lawsuits based on the same operative facts). Therefore, the dismissal of the prior action constitutes a final judgment on the merits for purposes of res judicata.

Moreover, Plaintiff fails to state a claim that he can pursue in a civil rights action because the medical claims allege, at best, medical negligence. Plaintiff's claims are insufficient because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (plaintiff must state more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (alleged negligent failure of prison official to protect one inmate from another inmate does not state a claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (a mere accident or negligence involving the defendant is insufficient).

Finally, "[f]or liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Hillsborough County Sheriff's Office. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local

government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendant Gee in his official capacity under § 1983, Plaintiff must demonstrate that Defendant Gee had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the complaint fails to identify with specificity any policies, customs, or procedures instituted by Defendant Gee that led to his injuries. The allegations in the complaint do not show more than the medical personnel's isolated wrongdoings, and fail to establish Defendant Gee's inadequate policy, custom, or supervision of the medical defendants. Therefore, the complaint fails to state a claim against Defendant Gee in his official capacity.

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendant Gee predicated upon his supervisory position as the Sheriff of Hillsborough County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only

4

when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, *supra* at 1360. The complaint is entirely void of any facts that might be read to support an inference that a causal connection exists between Defendant Gee's conduct and Plaintiff's alleged injuries. Therefore, the medical claims against Defendant Gee in his individual capacity are subject to dismissal.

Accordingly, Plaintiff's medical claims in the complaint are due to be dismissed.

**B.     Access to Courts Claim**

The complaint also alleges that "they" have "continuously [tried] to sabotage my efforts in continuing with my law suit, by continuing to also deny me pro-se status as a civil pro-se litigant." (Dkt. 1 at 14). It appears, therefore, that the complaint attempts to allege a claim for denial of access to the courts.

Interference with an inmate's access to the court constitutes a First Amendment violation, which is actionable under 42 U.S.C. § 1983. *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). The Supreme Court established that a Plaintiff who alleges a denial of access to court claim must show how the interference caused the Plaintiff harm or prejudice with respect to the litigation. *Lewis*, 518 U.S. at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. Specifically, the plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" *Id*. (quoting

*Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). Furthermore, the complaint must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions. *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citing *Lewis*). Moreover, a plaintiff cannot establish injury unless the case that Plaintiff was unable to pursue had arguable merit. *Lewis*, 518 U.S. at 353; *Wilson*, 163 F.3d at 1291.

The complaint fails to state a valid access to courts claim because it does not allege an actual injury. Moreover, even if the complaint alleges a valid claim for denial of access to courts, it does not allege facts supporting Defendant Gee's liability to him. The complaint does not allege that Defendant Gee was involved in the effort to sabotage his lawsuit. Moreover, Defendant Gee cannot be held liable by virtue of respondeat superior or his supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Accordingly, Plaintiff's access to courts claim is due to be dismissed.

## 2. Defendant NCCHC[4]

It appears that Plaintiff sues the NCCHC because although it is a "not-for-profit organization" (Dkt. 1 at 19), both it and the jail take money out of the prisoners' inmate trust

---

[4]"The NCCHC is a non-profit organization that provides recommendations for managing the delivery of medical and mental health care in correctional systems and serves as a guide to providing the best correctional healthcare to inmates." *Nauroth v. Southern Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 86467, at *3-4 (S.D. Ohio Sept. 21, 2009) (unpublished opinion).

accounts in repayment for medical fees. Plaintiff complains that the fees are "nothing more then [sic] extortion by means of authority." (Id. at 20). He further complains that when the money is taken from his account, it deprives him of the funds he needs to purchase food from the canteen to supplement the meager portions of food provided to him by the jail.

The complaint fails to allege a constitutional violation by NCCHC. Charging inmates a small medical fee for medical care while incarcerated does not violate the inmates' constitutional rights. *See e.g., Reynolds v. Wagner*, 128 F.3d 166 (3d Cir. 1997) (prisoners who had a fee deducted from their accounts when they sought certain medical services did not have their constitutional rights violated where medical services were provided to those with unfunded accounts and prisoners had prior notice); *Jabbar v. Woody*, 2009 U.S. Dist. LEXIS 129790, *13 (E.D. Va. Sept. 29, 2009) ("Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay [a] co-payment does not present a constitutional claim.").

To the extent the complaint may be construed as alleging that the medical fee violates Plaintiff's constitutional rights because it deprives him of funds he could use to purchase food in the canteen to supplement his diet, the complaint fails to allege a constitutional violation. "The Constitution requires that prisoners be provided reasonably adequate food." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (citations and internal quotation omitted). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977). The complaint does not allege facts showing that the jail does not serve Plaintiff adequate

7

meals that are sufficient to preserve his health.

The complaint does not allege that Plaintiff has suffered any ill effects to his health as a result of the meals he receives from the jail. Instead, the complaint merely asserts that Plaintiff is "hungry all the time. . . ." (Dkt. 1 at 20). Therefore, the complaint fails to allege a violation of Plaintiff's constitutional rights. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) ("Berry has not alleged any specific physical harm, other than hunger pains. Neither has Berry claimed that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, nor has he alleged having his health put at risk. Therefore, his allegations do not rise to the level of an Eighth Amendment violation." ).

## CONCLUSION

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

2. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 27, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*